IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE CRAWFORD, | No. C 16-1301 CW |
| Plaintiff, | ORDER GRANTING ATTORNEYS' FEES MOTION |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | (Docket No. 34) |
| Defendants. | |

The City and County of San Francisco (the City) moves for attorneys' fees and costs against Plaintiff Willie Crawford (Crawford) following partial success on its motion to strike. The Court grants the City's motion.

## BACKGROUND

Crawford's Second Amended Complaint (2AC) contains six causes of action: 1) racial discrimination in violation of the California Fair Employment and Housing Act (FEHA), 2) harassment in violation of FEHA, 3) retaliation in violation of FEHA, 4) violation of the federal Family Medical Leave Act, 5) intentional infliction of emotional distress and 6) wrongful termination in violation of public policy. Docket No. 1-1.

The Court granted in part the City's motion to strike Crawford's state law claims under California's anti-SLAPP statute. Docket No. 30, Order. It granted the motion as to Crawford's discrimination, harassment and emotional distress claims, with leave to amend. The Court also granted the motion as to Crawford's wrongful termination claim because "Crawford conceded

at oral argument that this claim is not viable." Id. at 17.  The Court denied the motion as to Crawford's retaliation claim, which remains.  Crawford did not file an amended complaint by its July 12, 2016 deadline.

The City filed the instant motion for attorneys' fees on July 26, 2016.  The Court vacated the hearing and considers the motion on the papers.

## LEGAL STANDARD

California law governs attorneys' fees based on California's anti-SLAPP statute.  Graham-Sult v. Clainos, 756 F.3d 724, 751 (9th Cir. 2013).  The anti-SLAPP fee-shifting provision applies in federal court.  United States v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 972-73 (9th Cir. 1999).  It states that a "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."  Cal. Civ. Proc. Code § 425.16(c)(1); see also Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001) (characterizing these fees as "mandatory attorney fees").  The fee-shifting provision "is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit."  Graham-Sult, 756 F.3d at 752 (quoting Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi, 141 Cal. App. 4th 15, 22 (2006)).

A "party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion."  Mann v. Quality Old Time Serv., Inc., 139 Cal. App. 4th 328, 340 (2006).  A

2

successful defendant is also entitled to fees incurred in filing the motion for attorneys' fees. Ketchum, 24 Cal. 4th at 1141. Courts use the lodestar method for calculating fees under the anti-SLAPP fee-shifting provision. See id. at 1136.

## DISCUSSION

### I. Timeliness

Crawford first argues that the City's motion is untimely. He argues that the partial denial of the City's motion to strike was a judgment because it was appealable. Therefore, he argues, the City's motion was due on July 6, 2016 and was filed untimely under Civil Local Rule 54-5(a), which states that "motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court." Crawford's analysis is incorrect.

Crawford relies on Federal Rule of Civil Procedure 54(a), which states that a judgment "includes a decree and any order from which an appeal lies." However, Crawford ignores Rule 54(b), which explains that, unless a court "expressly determines that there is no just reason for delay" for entering judgment on fewer than all claims, adjudication of "fewer than all the claims . . . does not end the action." Any order "may be revised at any time before the entry of a judgment adjudicating all the claims." Id. Because the order that granted in part the motion to strike did not adjudicate all claims, it is not a judgment.

Further, case law regarding a California anti-SLAPP motion's appealability in federal court does not mandate imposing the fee motion deadline under Civil Local Rule 54-5(a). The Ninth Circuit has held that denial of a California anti-SLAPP motion to strike

3

"remains among the class of orders for which an immediate appeal is available." DC Comics v. Pac. Pictures Corp., 706 F.3d 1009, 1015 (9th Cir. 2013). However, the analysis is different for orders granting a motion to strike. The Ninth Circuit distinguished DC Comics, holding that an order granting a motion to strike is not subject to the collateral order doctrine. Hyan v. Hummer, 825 F.3d 1043, 1047 (9th Cir. 2016) (per curiam). Further, an order that grants a motion to strike but does not dispose of the whole litigation is not appealable as a final decision. See id. at 1046-47.

Here, the City seeks fees for prevailing on the motion to strike. Therefore, the collateral appealability of a denial is irrelevant. Additionally, the Court's order is not appealable as a final decision because claims remained following the order. Because the order's collateral appealability is irrelevant and its final appealability is nonexistent, the fourteen-day deadline in Civil Local Rule 54-5(a) does not apply.

## II. Meet and Confer

Crawford argues that the City did not properly meet and confer before filing this motion. The City argues that it filed its motion once it became apparent that Crawford was planning on opposing the motion based on timeliness.

On July 25, 2016, Kevin McLaughlin, counsel for the City, sent to Brian Soriano, Crawford's counsel, an email regarding the instant motion. The email's stated purpose was to request a meet and confer. It stated: "We intend to file the motion tomorrow. If you seek more time to confer, please let us know." Soriano Dec. Ex. A. Mr. Soriano requested more time and asked Mr.

4

McLaughlin to permit him to respond on July 27. Id. Ex. B. Mr. McLaughlin responded by requesting that Mr. Soriano agree to file a stipulation that would extend time to file the fee motion. Id. Mr. Soriano responded that the stipulation arguably waived any timeliness argument and suggested that there had been sufficient time to meet and confer. Id. The City filed its motion on July 26. The following day, Mr. Soriano sent to Mr. McLaughlin a letter outlining several arguments against the instant motion, encouraging its withdrawal. Id. Ex. C. The City's counsel offered to hold the fee motion in abeyance pending mediation, which Crawford's counsel refused. Supp. Hartinger Dec. Ex. A.

"Counsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." Civ. L.R. 54-5(a). Unless otherwise ordered, a fee motion must be supported by declarations or affidavits stating "that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with a certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held." Id. 54-5(b)(1). Here, Mr. Soriano outlined his arguments in opposition to the motion, which the City did not withdraw. This sequence of events indicates that any further conferral would not have resolved the parties' disputes.

III. Reasonableness

The Court finds, and Crawford does not dispute, that the hourly rates attributed to each attorney are reasonable. Crawford

5

argues that the fees are not reasonable because the scope of the work exceeds the motion to strike and because the fee motion overstates what the City's counsel accomplished.

### A. Scope of Work

Crawford argues that the submitted time descriptions exceed that spent preparing the anti-SLAPP motion. In particular, Crawford states that the City's timesheets include "time for reviewing the case file and getting up to speed," as well as "multiple defense attorneys meeting with witnesses." Response Br. at 5. The Court has reviewed the time entries and finds that all time entries submitted relate to the motion to strike.

### B. Success for non-SLAPP reasons

Crawford argues that the City did not actually prevail under anti-SLAPP on two of the claims for which the City's motion to strike was granted. He characterizes the wrongful discharge claim as not properly before the Court on the anti-SLAPP motion and the intentional infliction of emotional distress claim as dismissed for insufficient offensiveness.

As the Court explained, the second step of an anti-SLAPP motion to strike requires the Court to determine whether the plaintiff demonstrates a probability of prevailing on the merits. Order at 6. The Court struck both claims because, at step two, Crawford did not meet that standard. Id. at 16-17.

The Court concludes that the number of hours requested is reasonable.

### IV. Fee Calculation

The City is entitled to fees for prevailing on its motion to strike with a reduction to eighty percent to reflect partial

6

success, that is, $34,128.  <u>See</u> Hartinger Dec. Ex. H.  The City is also entitled to the amount for fees submitted with its fee motion reply brief: $3,535.00.  Finally, the City is entitled to its costs: $2,861.55.  <u>Id.</u> Ex. G.

CONCLUSION

In sum, the City is entitled to $37,663 in fees and $2,861.55 in costs.

IT IS SO ORDERED.

Dated: September 6, 2016

CLAUDIA WILKEN
United States District Judge

7